Filed 3/24/26  Singh v. Khaira CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| SURINDER SINGH,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>NAVJEET KAUR KHAIRA, as Trustee, etc.,<br><br>      Defendant and Respondent;<br><br><br>SIMARJOT SINGH GILL,<br><br>      Intervenor, Defendant and Respondent. | A172222<br><br><br>(Alameda County<br>Super. Ct. No. RG19011626) |

In this matter, the trial court entered quiet title judgment in favor of Navjeet Kaur Khaira, trustee of the Mandeep Kaur Living Trust (trust).[1] The court determined title to the real property located at 32473 Edith Way (home) in Union City "was and now is vested in [Navjeet] . . . 100% as owner in fee simple," and Surinder Singh has no right, title, or other interest in the

---

[1] We recite only those facts and procedural history necessary to resolve the issues before us.  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)  For clarity, we use related individuals' first names, intending no disrespect.

property. On appeal, Surinder primarily alleges the court's decision was the product of bias. We affirm.

## I. BACKGROUND

Mandeep Kaur was trustee of the trust, and Simarjot Singh Gill—Mandeep's son—was and is its sole beneficiary. Mandeep was sole owner of the home until May 2013, when she transferred ownership to herself as trustee. Navjeet (Mandeep's sister) was successor trustee and—when Mandeep died in January 2018—became record title owner of the home in her capacity as trustee of the trust.

Surinder and his wife, Rajinder Kaur, lived in the home pursuant to an October 2015 rental agreement, which required them to pay Mandeep $3,000 monthly. Although the agreement was not modified, Rajinder began paying $3,400 in November 2017. Surinder, Rajinder, their children, and Rajinder's parents lived in the home from November 2015 until March 2023. From November 2015 through January 2018—when Mandeep died—Surinder and Rajinder made 25 payments, totaling $53,670. They made no further monthly payments, and Navjeet served a three-day notice to pay or quit in March 2018.

In March 2019, Surinder filed a quiet title complaint against Navjeet, seeking a judgment that he was the sole owner of the home. He alleged that at the time the rental agreement was executed, Mandeep orally agreed to sell him the home for $475,000, and a promissory note was executed two years later reflecting the agreement. He also alleged several "large payments [were] made in cash in India," and the full purchase amount was paid in January 2018 as shown in a receipt. Finally, he alleged Mandeep died before recording a transfer deed for the sale. In September 2019, Navjeet filed an unlawful detainer complaint against Surinder and Rajinder, alleging they

2

owed past due rent.  The two actions were consolidated, and the trial court granted Simarjot's motion to intervene.

There was a three-day unreported bench trial in 2024.  Various witnesses testified—including Surinder, Rajinder, Sukhdev Singh (Surinder's brother), Navjeet, Simarjot, Onkar Singh (Mandeep's widower), and Nanette Barto (handwriting expert)—and exhibits were admitted into evidence, including the promissory note and receipt.  After considering the testimony, exhibits, briefing, and Surinder's objections to the proposed statement of decision, the trial court ruled for Navjeet.

The trial court found Surinder failed to provide any "credible evidence that he or anyone else acting on his behalf paid any amount toward the purchase."  It found Onkar's testimony refuted the idea that Mandeep received sizable payments.  Based on the expert's testimony, the court found the alleged signatures of Mandeep on the promissory note and receipt were forged.  It also concluded Surinder and Rajinder altered checks to make them appear as if they were for purchase payments when bank records showed they were in fact for rent.  In sum, the court concluded the documents underlying the purported agreement to purchase the home were "fraudulent" and "forged," and it did not "credit [Surinder and Rajinder's] claim that [their] family paid the purchase funds."  Accordingly, the court entered quiet title judgment in Navjeet's favor, and Surinder appealed.

## II.    DISCUSSION

At trial, Surinder argued there was a valid purchase agreement and that much of the purchase amount was paid, in India, by his father to Mandeep's representative.  He argued the payments from a "family funded financial fund" were pursuant to a "tenet" of the "Sikh [r]eligion."  Finally,

3

citing Evidence Code[2] section 622, he argued the promissory note and receipt must be "conclusively presumed to be true." On appeal, he contends the trial court was "prejudiced against religious practicing Sikhs" and failed to "maintain an open mind" regarding testimony that payments were made in accord with a tenet of his religion. We are unpersuaded.

A judgment "is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*).) " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.' " (*Ibid*.) " ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Ibid*.) For that reason, "the absence of a court reporter at trial court proceedings and the resulting lack of a verbatim record of such proceedings will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court." (*Id*. at p. 608.) Such is the case here.

The judgment appealed from was entered after a three-day unreported bench trial, at which the trial court heard extensive testimony from seven witnesses—the parties, several relatives, and a handwriting expert. As a result of that testimony, and the court's resulting credibility determinations, it concluded the promissory note and receipt were fraudulent and forged, there was no valid agreement to purchase the home, Surinder and Rajinder altered evidence, and their claims of family payments to Mandeep were not credible. (See *640 Octavia LLC v. Walston* (2025) 111 Cal.App.5th 861, 869

---

[2] Undesignated statutory references are to the Evidence Code.

4

[deferring to trial court's credibility determinations].)  Indeed, even Surinder's opening brief heavily relies on the testimony of Surinder, Rajinder, and Sukhdev.  But we have no transcript, and without it the record " ' "is inadequate for meaningful review," ' " and the judgment must be affirmed.  (*Jameson*, *supra*, 5 Cal.5th at p. 609.)

Surinder's claims fail for another reason.  " '[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' "  (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277; see also Cal. Rules of Court, rule 8.204(a)(1)(B) [brief must "support each point by argument"].)  "We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.' "  (*Hernandez*, at p. 277.)

Surinder asserts the trial court was biased and prejudiced against him "and his Sikh Religion Tenets," but that accusation is unsupported by legal analysis or citation to the record.  (See *Hernandez v. First Student, Inc.*, *supra*, 37 Cal.App.5th at p. 277.)  To the extent he offers any argument, it can be summed up as such: the court ruled against him and did not credit his evidence, thus it was biased against him and his religion.  While we could simply disregard such a conclusory argument, we also note that a court's rulings against a party " 'do not establish a charge of judicial bias.' " (*People v. Pearson* (2013) 56 Cal.4th 393, 447.)

Finally, Surinder contends section 622 required the trial court to presume the promissory note and receipt were true and, thus, there was insufficient evidence to support the court's findings.  We disagree.  Section 622 provides that the " ' "facts recited in a written instrument are conclusively presumed to be true as between the parties thereto." ' "  (*Citizens*

5

*Business Bank v. Gevorgian* (2013) 218 Cal.App.4th 602, 625.) But the statute does not preclude "an assertion of fraud." (*Ibid.*) Here, after considering the testimony and the other evidence, the court found the promissory note and receipt were "forged" and "fraudulent." Section 622 "has no application here." (*Ibid.*) And in the absence of a transcript, and making all inferences in favor of the judgment, we presume sufficient evidence existed to support the court's decision. (*Jameson, supra,* 5 Cal.5th at p. 609.)

## III.   DISPOSITION

The judgment is affirmed. Navjeet and Simarjot shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)


_____
LANGHORNE WILSON, J.


WE CONCUR:


_____
BANKE, Acting P. J.


_____
SMILEY, J.


*Singh v. Khaira / A172222*